## Case No. 5,649.

GRACE et al. v. AMERICAN CENT. INS. CO.

[7 Reporter, 388; [1] 8 Ins. Law J. 95.]

Circuit Court, E. D. New York. Oct., 1878.[2]

INSURANCE—OPTION TO CANCEL—NOTICE BY AGENT.

Where a policy authorized the company to terminate it at any time by giving notice of cancellation: *Held*, that a statement made by the agent of the company, that upon return of the policy he would cancel it, or a mere wish expressed to have it cancelled, was not a sufficient notice of cancellation; but if the agent by words or acts conveyed to the insured a knowledge of a cancellation at the time, there was a sufficient notice.

Action [by William R. Grace and others against the American Central Insurance Company of St. Louis] on a policy of insurance for loss by fire. The policy contained a clause authorizing the company to terminate the policy at any time by notice of cancellation. A written notice was not required, nor was it necessary that the policy should be returned in order to effect a cancellation. The question in the case was one of notice.

W. Britton, for plaintiffs.

G. W. Parsons, for defendants.

BENEDICT, District Judge (charging jury). By this contract the parties have agreed that a notice of cancellment shall put an end to it. The question of fact is, whether there was notice of the cancelling of the policy given by Carroll, who acted for the company, to Anthony, who for the purposes of this question must be taken to be the agent of the plaintiffs. Counsel on the part of the plaintiffs insists that I should decide, as matter of law, that there was no notice given; but it seems to me that it is proper for the jury to consider what was said and done by Mr. Carroll and Mr. Anthony in regard to cancelling the policy, and say as a matter of fact whether or no Mr. Carroll gave Mr. Anthony notice that that was the end of that policy. If you should come to the conclusion that what Mr. Carroll said amounted to this, that upon returning the policy he would cancel it, then that would not be a notice of cancellation sufficient to terminate the contract. Cancellation can be effected without returning the policy, but if all that Mr. Carroll did was to express a wish to have the policy cancelled, that would not be cancelling the policy. The question is, whether he did or said what conveyed to Anthony knowledge of a cancellation of the policy by him at that time. If he gave such notice, then the defendants are entitled to a verdict. If he did not, then the plaintiffs are entitled to a verdict.

[The jury rendered a verdict for the defendants, and the plaintiffs moved for a new trial,

[1] [Reprinted from 7 Reporter, 388, by permission.]

[2] [For subsequent proceedings in supreme court, see note at end of case.]

which was denied. Case No. 5,648. The judgment of the circuit court was reversed in 109 U. S. 278, 3 Sup. Ct. 207.]

GRACE (BOND v.).   See Case No. 1,622.

## Case No. 5,650.

GRACE v. EVANS.

[3 Ben. 479.] [1]

District Court, S. D. New York.   Nov., 1869.

ARREST IN ADMIRALTY—BAIL—ATTACHMENT.

1. The proper form of stipulation to be given for the discharge of a party arrested in a suit in admiralty, is for the appearance of the party to abide by the decree of the court in the cause, and not for the payment of the sum decreed.

2. Where a warrant of arrest was issued, with a clause directing the marshal, if the respondent could not be found, to attach his property, and the marshal returned that he had arrested the respondent, and had attached his property: *Held*, that the attachment must be set aside.

In this case, a libel was filed [by William L. Grace against Joseph Evans], alleging that the defendant, a master of a vessel, had sold cargo on board her belonging to the libellant, and had brought the proceeds to this port, and had refused to pay them over to libellant. On this, an order was made that the respondent be arrested and held to bail. A warrant was accordingly issued against him, with a clause providing that, if he was not found, the marshal was to attach his property or credits and effects. The marshal returned that he had arrested the respondent, and had also attached his credits and effects. The respondent thereupon tendered a stipulation, with sufficient surety, conditioned that the respondent should appear in court, to abide by the decree of the court in the cause. Objection was taken, on behalf of the libellant, that the stipulation ought to be, that the respondent should pay the amount decreed against him. The respondent also claimed that the attachment should be set aside, on the ground that the process only directed the service of the attachment, in case the respondent could not be found, and that, inasmuch as the marshal had arrested the respondent, and held him in custody, he had no authority to attach his property.

T. Scudder, for libellant.

C. Van Santvoord and R. D. Benedict, for respondent.

THE COURT (BLATCHFORD, District Judge) held, that the libellant had no right to any further security than that which was offered by the respondent; and, on the filing of the stipulation offered, ordered the arrest and the attachment to be discharged.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]